IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


BOBBY L. MAGWOOD,

    Plaintiff,

vs.                                        Case No. 4:14cv613-RH/CAS

MICHAEL D. CREWS, et al.,

    Defendants.

                                    /


## ORDER and REPORT AND RECOMMENDATION

Plaintiff has filed a motion for an emergency injunction. Doc. 12. Plaintiff is currently housed at the Florida State Prison. *Id.* All but two of the named Defendants are located at the prison with Plaintiff, but two Defendants are at the Department of Corrections Central Office in Tallahassee. *See* doc. 2.

Plaintiff provides a lengthy recitation of numerous incidents beginning in March 2014 when Plaintiff claims he was issued retaliatory disciplinary reports, was not in attendance for two separate disciplinary hearings,[1] twice had property taken and destroyed, he was continued on close management status, that persons "tampered"

---

[1] Plaintiff does not state that he refused to go to the two disciplinary hearings, or that he was prevented from attending. Rather, Plaintiff makes the vague assertion that it was "alleged" by unnamed persons that Plaintiff refused to attend the two disciplinary hearings. Doc. 12 at 3, 5.

with Plaintiff's religious diet meals, he was placed in a cell with no heat for 36 days, he was forced "to live under unsanitary conditions" because the commode in his cell must be flushed from the outside of the cell and Sgt. Edwards ordered that Plaintiff's commode not be flushed.  *Id.* at 5.

Plaintiff contends that on December 5, 2014, Sgt. Williams attempted to force Plaintiff to provide details of Plaintiff's "lawsuit," and when he was placed in cell 1209, Sgt. Williams and Officer Stephenson took off his handcuffs and chains "inside the cell," which Plaintiff claims is a violation of Department rules.  *Id.*  Plaintiff alleges Sgt. Williams trashed his property while Officer Stephenson tried to provoke him.  Plaintiff claims they made "death threats" and took his toilet paper, toothpaste, and warned him "to drop all the lawsuits that he has filed and not to write anymore grievances of file anymore lawsuits."  *Id.* at 6.

Plaintiff also claims that Officer Stephenson came to his cell to move Plaintiff to confinement, and during the escort, he and Sgt. Gara attacked Plaintiff, beat him up, and threatened to kill Plaintiff if he filed any more grievances or lawsuits.  *Id.* at 6. Plaintiff alleges he was "still in chains, leg irons, and handcuffs when the beating occurred."  *Id.*

On December 6, 2014, Plaintiff told the shift sergeant at the 6:00 a.m. shift change what occurred and Plaintiff was taken to the medical department.  *Id.* at 6.  An incident report was filled out by the shift captain.  *Id.*  Later that night, after the 6:00 p.m. shift change, Sgt. Gara stopped at Plaintiff's cell and told him that he didn't care about the incident report and advised Plaintiff to "not forget what he was told to do."  *Id.*

On December 8, 2014, Plaintiff alleges he was given another "bogus DR" which was written by Sgt. Williams.  *Id.* at 6.  Williams also told Plaintiff "he was sent to K-wing because he had filed a lawsuit."  *Id.* at 7.  Plaintiff contends that moving a prisoner at night "is very uncommon," and suggests that "high ranking officials" must be involved.  *Id.*  Plaintiff complains that many employees at the Florida State Prison are involved in carrying out "planned acts of retaliation."  *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

<u>Keeton v. Anderson–Wiley</u>, 664 F.3d 865, 868 (11th Cir. 2011); <u>Carillon Importers, Ltd.</u>, 112 F.3d at 1126; <u>United States v. Jefferson Cnty.</u>, 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000); <u>Jefferson Cnty.</u>, 720 F.2d at 1519 (citing <u>Canal Auth. v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974)).

There is no need to go "farther than the first prong of this analysis because [Plaintiff] cannot show a substantial likelihood of success on the merits." Pine v. City of West Palm Beach, FL, 762 F.3d 1262, 1268 (11th Cir. 2014). In late November, Plaintiff's original complaint, doc. 2, was reviewed and found insufficient to properly state a claim. Doc. 7. Plaintiff has been required to submit an amended complaint and, thus, Plaintiff cannot show a likelihood of success at this time.

Moreover, "[i]rreparable injury 'is the *sine qua non* of injunctive relief.' " Siegel, 234 F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457 F.App'x 837, 839 (11th Cir. 2012). Should Plaintiff be able to prove that Defendants acted in retaliation for Plaintiff having filed grievances or lawsuits, Plaintiff would be able to recover damages under 42 U.S.C. § 1983. The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury. Jefferson County, 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *see* Lewis v. S. S. Baune, 534 F.2d 1115, 1124 (5th Cir. 1976). Thus, failing to issue an injunction in this case would not constitute a "substantial threat of irreparable injury."

In addition, many of the events alleged by Plaintiff in the instant motion took place after the filing of this lawsuit. Those claims are not exhausted as required by the Prison Litigation Reform Act. The Act mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Claims

which are unexhausted must be dismissed for failure to state a claim.  Jones v. Bock, 549 U.S. 199, 223, 127 S.Ct. 910, 925, 166 L.Ed.2d 798 (2007) (rejecting a "total exhaustion rule" and requiring dismissal only of those unexhausted "claims," not an entire "action.").

Finally, several persons about whom Plaintiff complains in this motion are not named as Defendants[2] in this case.  Rule 65(d), which governs motions for a temporary restraining order and for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."  FED. R. CIV. P. 65(d).  "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted).  Even if Plaintiff had met the four prerequisites for a preliminary injunction, this Court does not have jurisdiction over several of the persons (Sgt. Williams, Sgt. Gara, Officer Stephenson, Sgt. Edwards, Sgt. Hamner, and Sgt. Bracewell) named in the motion.  Plaintiff's motion, doc. 12, should be **Denied**.

As noted above, Plaintiff has been required to submit an amended complaint.  Doc. 7.  Plaintiff's objections, doc. 9, to that Order, doc. 7, have been overruled.  Doc.

---

[2] There were eight named Defendants in this case: Crews, Palmer, McClellan, Roberts, Walin, Vickers, Maddox, and Neel.  Doc. 2 at 2-3.

10. The deadline previously given to Plaintiff in which to submit the amended complaint was December 29, 2014. Doc. 7. As a courtesy, that deadline will be extended. No further extensions will be provided absent a showing of extraordinary circumstances.

Accordingly, it is

**ORDERED:**

1. Plaintiff shall have until **January 9, 2015**, in which to file the amended complaint as directed previously. *See* doc. 7.

2. The Clerk shall return this file upon receipt of Plaintiff's amended complaint or no later than January 9, 2015.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for an emergency injunction, doc. 12, be **DENIED** and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 18, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:14cv613-RH/CAS