IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BOBBY L. MAGWOOD,

    Plaintiff,

v.                                               CASE NO. 4:14cv613-RH/CAS

MICHAEL D. CREWS et al.,

    Defendants.

_____/

ORDER DENYING A PRELIMINARY INJUNCTION,
UPHOLDING THE DECEMBER 18 ORDER, AND EXTENDING
THE DEADLINE FOR AN AMENDED COMPLAINT

This case is before the court on the magistrate judge's report and recommendation and order of December 18, 2014, ECF No. 13, the objections, ECF Nos. 16 and 17. *See also* ECF No. 18. I have reviewed *de novo* the issues raised by the objections to the report and recommendation. I have reviewed the objections to the other portions of the order under Federal Rule of Civil Procedure 72.

The report and recommendation correctly concludes that a preliminary injunction should not be issued at this time. The plaintiff has not filed an amended complaint as directed by the order of November 25, 2014, ECF No. 7. Absent a

pending complaint that states a claim on which relief can be granted, and absent a showing of the other prerequisites to a preliminary injunction, a preliminary injunction should not be granted.

The plaintiff has said he intends to dismiss this case.  See ECF No. 16.  The plaintiff also has moved for leave to file an amended complaint in state court.  ECF No. 18.  Those and earlier filings show a fundamental misunderstanding of federal and state concurrent jurisdiction over federal constitutional claims.

A plaintiff may assert a federal claim in state court, but a defendant may remove the claim to federal court, as happened here.  A plaintiff cannot move the federal claim back to state court.  This case is here and will stay here.

A plaintiff can, however, dismiss the federal case and file a new case in state court.  A new case that includes a federal claim will again be removable, so if the plaintiff files a new case in state court asserting a federal claim, a defendant will again be able to remove the case to this court.  If the plaintiff files a new case in state court asserting only claims arising under state law—not federal law—the defendants will be unable to remove the case to federal court.

The plaintiff also says the magistrate judge should be recused.  The plaintiff's only basis for seeking recusal is the magistrate judge's rulings.  A judge's rulings ordinarily are not a basis for recusal.  The magistrate judge properly denied the request for his recusal.

Finally, the magistrate judge set January 20, 2015, as the deadline for the plaintiff to file an amended complaint or, if he wished to dismiss the case, a notice of voluntary dismissal. The plaintiff missed the deadline. This order extends the deadline, giving the plaintiff one more chance to comply with the court's order. But the plaintiff should take note: *if the plaintiff does not file an amended complaint or notice of voluntary dismissal by the extended deadline, the case will be dismissed without prejudice for failure to prosecute and failure to comply with a court order*.

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 13, is accepted.

2. The objections to the magistrate judge's order of December 18, 2014, are overruled.

3. The motion for a primary injunction, ECF No. 12, is denied.

4. The motion for leave to file an amended complaint in state court, ECF No. 18, is denied.

5. The deadline for the plaintiff to file an amended complaint in this court or a notice of voluntary dismissal is extended to February 13, 2015.

SO ORDERED on January 24, 2015.

                                            s/Robert L. Hinkle
                                            United States District Judge